UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETEY L. SNOWDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  EDCV 12-1174 AGR<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Petey L. Snowden filed this action on July 19, 2012.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 23 and 29, 2012.  (Dkt. Nos. 8, 9.)  On March 27, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the court reverses and remands the decision of the Commissioner for further proceedings consistent with this opinion.

# I.

## **PROCEDURAL BACKGROUND**

On December 10, 2008, Snowden filed an application for supplemental security income, alleging an onset date of September 1, 2005. Administrative Record ("AR") 21. The application was denied initially and upon reconsideration. AR 21, 60-61. Snowden requested a hearing before an Administrative Law Judge ("ALJ"). AR 16. On February 1, 2011, the ALJ conducted a hearing at which Snowden, a psychological expert and a vocational expert testified. AR 33-59. On March 8, 2011, the ALJ issued a decision denying benefits. AR 18-29. On May 21, 2012, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Snowden has the following severe combination of impairments: psychotic disorder, nos with schizophrenic features; and personality disorder. AR 23. Snowden has the residual functional capacity ("RFC") to perform work "restricted to moderately complex tasks of up to 4 to 5 steps of instruction in habituated setting and to work that is preferably object oriented." AR 26. Snowden "is precluded from working in safety related occupations and is precluded from operating hazardous machinery." *Id.* There is no past relevant work. AR 27. However, there are jobs, such as cleaner, packer and assembly worker, that exist in significant numbers in the national economy that Snowden can perform. AR 28.

## C. Medical Evidence Regarding Mental Impairment After May 27, 2009

Snowden argues that the ALJ did not properly consider the medical evidence of mental impairment after May 27, 2009.

### 1. Legal Standard

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (quotation marks and citations omitted).  When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following:  (1) length of the treatment relationship and frequency of examination;[1] (2) nature and extent of the treatment relationship;[2] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion.  *See id.* at 631; 20 C.F.R. §§ 404.1527(d), 416.927(d).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Orn*, 495 F.3d at 632.  An ALJ may reject an uncontradicted examining physician's medical opinion based on "clear and convincing reasons."  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and quotation marks omitted).  When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  *Id.* at 1164 (citation omitted).

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'"  *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis in original).  However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and

---

[1] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).

[2] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii).

4

is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Id.* at 956-57 (citation and quotation marks omitted).

### 2. Dr. Walli

Snowden cites Dr. Walli's Mental Impairment Questionnaire dated January 11, 2011,[3] which was submitted to the Appeals Council. AR 366-70. The Appeals Council made the submission part of the record.[4] AR 5. "When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1231 (9th Cir. 2011). The reviewing court's role is "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Id.* at 1232 (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). In doing so, the reviewing court considers both the ALJ's decision and the additional material submitted to the Appeals Council. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007).

Dr. Walli sees Snowden every eight weeks for psychotherapy. AR 366. Dr. Walli diagnosed schizophrenia paranoid type with a Global Assessment of Functioning score

---

[3] The questionnaire is dated in 2011. However, counsel's cover letter to the Appeals Council states that it is dated January 2012. AR 365.

[4] Under 20 C.F.R. § 416.1470(b):

> [I]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

of 39.[5]  *Id.*  Dr. Walli indicated Snowden's highest GAF score within the past year was unknown.  *Id.*  Snowden's symptoms include mood disturbance, emotional lability, delusions or hallucinations, social withdrawal or isolation, paranoia or inappropriate suspiciousness, difficulty thinking or concentrating, and suicidal ideation or attempts.  AR 366-67.  Dr. Walli referred to an adult psychiatric evaluation dated March 14, 2011.  AR 367.  Snowden was treated with Trazadone and Paxil, and his prognosis is guarded.  AR 367-68.

　　　Dr. Walli opined that Snowden would have difficulty working at a job on a sustained basis due to paranoia, auditory hallucinations, mood swings, depression, impaired social relationships, impaired coping skills, and impaired ability to obtain and maintain employment.  AR 369.  Dr. Walli indicated Snowden had repeated episodes of decompensation and a current history of one or more years inability to function outside a highly supportive living arrangement.  *Id.*

　　　Snowden also submitted to the Appeals Council mental treatment records dated April 27, 2010 through September 1, 2011.  AR 343-63.  Earlier records indicated Snowden was diagnosed with schizophrenia in his early 20's.  AR 226.  In December 2008, Snowden reported that he had heard voices all his life but they had gotten worse.  He had tried to control the voices with heroin, but it did not work and was now clean and unable to take it anymore.  AR 223, 268.  His physician filled out a form for temporary disability (less than 12 months) based on schizophrenia.  AR 248.  There are treatment records from May 27, 2009, at the San Bernardino Department of Behavioral Health.  AR 295.  He reported recent memory problems, paranoid thoughts, poor focus and concentration, and hearing voices.  AR 299.  He seemed tired, had slow speech, was

---

　　[5]  A GAF of 39 indicates: "Some impairment in reality testing or communication (e.g., speech is at time illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work . . .)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. Text Revision 2000) ("DSM IV-TR").

1  depressed with a flat affect.  *Id.*  He was diagnosed with schizophrenia paranoid type
2  with a GAF of 42.[6]  AR 292.  Treatment records on April 27, 2010, indicate that
3  Snowden has schizophrenia paranoid type and came for medications.  AR 317.
4  Snowden apparently stopped taking medications when he felt better but then started
5  hearing voices again.  AR 324.

6  Dr. Walli's treatment records began in January 2011 after Snowden returned from
7  a 3-4 month visit to Pennsylvania.  AR 360.  On March 14, 2011, Dr. Walli indicated that
8  Snowden complained of visual hallucinations in addition to auditory hallucinations.  AR
9  349.  He isolated himself and did not want to talk to anyone.  *Id.*  His mother had mental
10 illness and his father was physically abusive when he was alive.  He was raised by his
11 maternal grandmother.  *Id.*  Dr. Walli noted that Snowden's speech was slow and he
12 had auditory hallucinations.  AR 350.  Otherwise, Snowden was within normal limits.  *Id.*
13 Dr. Walli diagnosed schizophrenia paranoid type and a GAF of 39.  *Id.*  Dr. Walli noted
14 vocational counseling when Snowden is stable for more than six weeks.  *Id.*  On May 5,
15 2011, Snowden complained of an increase in auditory hallucinations and fearfulness.
16 AR 357.  Dr. Walli noted a flat affect.  *Id.*  On June 13, 2011, Snowden reported that he
17 felt OK as long as he took his medications.  AR 356.  Dr. Walli noted that his affect was
18 constricted.  *Id.*  On July 7, 2011, Snowden reported an increase in auditory
19 hallucinations but did not get his prescriptions filled.  AR 355.  On September 1, 2011,
20 Snowden reported that his auditory hallucinations were "so so" even though he was
21 compliant with medications.  AR 354.  Dr. Walli noted that Snowden's affect was
22 constricted.  *Id.*

23 **3.  Analysis**

24 The ALJ gave "great weight" to the opinions of the examining psychiatrist and
25 medical expert.  AR 24, 27.  However, the ALJ did not have the treating physician's

---

[6] A GAF of 41-50 indicates serious symptoms or any serious impairment in social, occupational or school functioning, such as being unable to keep a job. DSM IV-TR 34.

opinions and functional assessments. A treating physician's opinions cannot be ignored. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Lingenfelter*, 504 F.3d at 1038 n.10 (ALJ cannot avoid requirements for consideration of treating physician opinion "simply by not mentioning the treating physician's opinion and making findings contrary to it."). The Commissioner argues that there are reasons for discounting Dr. Walli's opinions. However, because the ALJ did not articulate these reasons, the court cannot consider them. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 n.2 (9th Cir. 2008); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

This matter must be remanded for consideration of Dr. Walli's opinions and treatment records.

**D. Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*, 504 F.3d at 1035-36.

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

On remand, the ALJ must reconsider Snowden's credibility in light of his explanation for the discrepancy noted by the ALJ, Dr. Walli's opinions and records, and any other appropriate matter.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for consideration of Dr. Walli's opinions and treatment records, and reconsideration of Snowden's credibility.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 29, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge